## Thornton *vs.* Willis.

Where the sheriff entered on a tax *fi. fa.* which had been levied on land, "received the full amount of this *fi. fa.*, and paid over to the ordinary," it was *prima facie* satisfied, and one who purchased the land a year afterwards at sheriff's sale, under an execution against a former owner, obtained good title as against a third person to whom the tax *fi. fa.* was subsequently transferred, though it appeared that the transferee had advanced the money to pay off the same.

. Levy and sale.   Lien.   Title.   Execution.   Tax.   Before M. H. BLANDFORD, Esq., Judge *pro hac vice.*   Muscogee Superior Court.   November Term, 1877.

To the report contained in the decision, it is only necessary to add that Abercrombie was a former owner of the land in controversy, and no question seems to have been made as to the fact that it was subject to the judgment against him.

JAMES JOHNSON ; CARY J. THORNTON, for plaintiff in error, cited as follows : On the levy, Code, §3640 ; 10 *Ga.*, 74. On the transfer of *fi. fa.*, Code, §891 ; acts 1872, p. 35 ; 48 *Ga.*, 177.   On charge and refusals to charge, 2 *Ga.*, 54 ; 3 *Ib.*, 4 ; 54 *Ib.*, 237 ; 11 *Ib.*, 277 ; acts of 1872, p. 35 ; 48 *Ga.*, 177.

W. A. LITTLE ; C. R. RUSSELL, for defendant, cited as follows : On the levy, 12 *Ga.*, 440 ; 27 *Ib.*, 200.   On the transfer, Code, §891.   On the charge, Code, §§812, 814, 1973 ; 8 . *Ga.*, 479 ; 46 *Ib.*, 412.

WARNER, Chief Justice.            :

This was a claim case, on the trial of which the jury, under the charge of the court, found the property subject to the *fi. fa.* levied thereon.   The case is brought here on a bill of exceptions to the rulings of the court on the trial thereof.   It appears from the record and bill of exceptions,

that the tax collector of Muscogee county, issued a tax execution against James M. Leonard, dated 5th of May, 1873, for the sum of $58.50, for taxes due for the year 1872. This tax *fi. fa.* was levied by the sheriff on the land claimed, as the property of the defendant, Leonard, on the 5th of May, 1873. On the 3d day of June, 1873, the sheriff made the following entry on said *fi. fa.*, which was signed by him officially (to-wit:) " Received the full amount of this *fi. fa.*, and paid over to ordinary." It also appears from an entry made on said *fi. fa.* by the sheriff, on the 26th day of August, 1874, that he transferred it to one E. P. Willis, who is now controlling the same for his own benefit. Willis testified that he paid the money to the sheriff to protect the land which he had purchased of Leonard, the defendant. It further appears from the evidence in the record, that the land in dispute was sold by the sheriff on the 2d day of June, 1874, in satisfaction of a judgment obtained against Abercrombie in March 1868, and was purchased by Downing, who went into possession of the land, and afterwards sold it to the claimant.

The controlling question in this case is, whether the purchasers of the land between the 3d day of June 1873, when the tax *fi. fa.* from the entry thereon was *prima facie* satisfied, and the 26th of August, 1874, when it was transferred to the plaintiff, Willis, obtained a good title as against that tax *fi. fa.* The court charged the jury to the effect that they did not, if the money was paid to the sheriff by Willis in the first instance.

This ruling of the court, in view of the principle recognized and decided in *Dougherty vs. Marsh & Breers*, (11 *Ga. Rep.*, 277) was error. As was said in that case, " This negligence, or whatever else you may call it, on the part of plaintiffs, or the officers, must not be allowed to be repaired at the expense of others."

Let the judgment of the court below be reversed.